**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO. 3:03CR50-V**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **STEVEN RODNEY HOPKINS,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court upon receipt of correspondence dated May 17, 2005, which the Court construes as a motion to modify sentence.

The letter concerns the Federal Bureau of Prisons' recent decision to terminate the federal boot camp program, also known as either the Shock Incarceration or Intensive Community Confinement Program. 18 U.S.C. § 4046; 28 C.F.R. § 524.30 - 524.33 (2004). As a result, Defendant no longer has the opportunity to serve the remainder of his sentence in a community-based program or earn up to a six-month reduction of sentence. 28 C.F.R. §524.32(d)(1) and (2).[1]

Defendant questions whether the Bureau of Prisons failed to comply with the Administrative Procedures Act by terminating the program without an opportunity for notice and comment. As applied to this Defendant, the issue becomes whether discontinuing the Shock Incarceration Program constitutes a violation of the *Ex Post Facto* Clause.

Upon a review of Defendant's motion, the undersigned requests a response from the Government as to how, if at all, the recent BOP decision to discontinue the Shock

---

[1] Defendant was reportedly already enrolled in the program and scheduled to enter on or around February 2, 2005.

Incarceration Program may affect this Defendant's sentence.  *See generally*, Castellini v. Lappin, 365 F.Supp.2d 197 (D.Mass. April 12, 2005).

      **IT IS, THEREFORE, ORDERED** that the United States shall submit a written **RESPONSE** on or before July 18, 2005.

**Signed: June 13, 2005**

Richard L. Voorhees
United States District Judge