IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO.: 3:03CR50

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>STEVEN RODNEY HOPKINS, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Carla Hopkins' Motion to Modify Steven Hopkins' Sentence, filed June 13, 2005.[1] On September 1, 2005, the Government filed a Response to the Motion to Modify Steven Hopkins' Sentence. This Motion is now ripe for disposition by the Court.

## I. FACTUAL AND PROCEDURAL HISTORY

On September 11, 2003, Defendant Steven Hopkins ("Defendant") pled guilty to the charge of conspiracy to possess within intent to distribute cocaine, in violation of 21 U.S.C. § 846. This Court, on August 17, 2004, sentenced Defendant to 18 months imprisonment. During the sentencing hearing, the Court recommended that the Bureau of Prisons ("BOP") consider placing Defendant in the Intensive Shock Incarceration Program (also known as "Intensive Confinement Center," "ICC," or "boot camp"). The Court further ordered the Defendant to self-surrender, as notified by the United States Marshal, no later than February 1, 2005, at the institution designated by the BOP. Judgment was entered on September 22, 2004. Defendant

---

[1] Carla Hopkins is Defendant Steven Hopkins' wife. Although Ms. Hopkins filed the instant Motion as a letter, dated May 17, 2005, this Court construed her letter and filed it on June 13, 2005 as a Motion to Modify Steven Hopkins' Sentence.

1

did not appeal, nor did he file a motion pursuant to 28 U.S.C. § 2255.

On October 13, 2004, prior to Defendant's self-surrender date, the BOP designated Defendant to the United States Penitentiary in Lewisburg, Pennsylvania, for possible placement into the ICC program. On January 7, 2005, however, the Defendant's designation to Lewisburg was cancelled due to the impending suspension of the ICC program, and Defendant was redesignated to the Federal Prison Camp ("FPC") at Seymour Johnson Airforce Base in Goldsboro, North Carolina.

On February 2, 2005, Defendant surrendered to the FPC in Goldsboro, North Carolina, where he is currently serving his sentence. His projected release date from the FPC is May 14, 2006.

## II. DISCUSSION

In light of the suspension of the ICC program, to which Defendant was initially assigned by the BOP, Defendant's wife, Carla Hopkins ("Ms. Hopkins"), now seeks to have the Court modify Defendant's sentence. Ms. Hopkins contends that had Defendant entered the ICC program, he would have only been incarcerated for six (6) months. However, since the ICC program has been discontinued, Ms. Hopkins asks the Court to honor the time Defendant has already served at the FPC in Goldsboro and allow him to be released.

In response, the Government argues that Ms. Hopkins lacks standing to invoke the Court's jurisdiction, the Court does not have jurisdiction to consider Ms. Hopkins' Motion, and termination of the ICC program does not violate Defendant's Constitutional Rights.

**A.     Background on the Intensive Confinement Center Program**

The ICC program was authorized by law in 1990. *See* 18 U.S.C. § 4046. In sum, "[t]he

Bureau of Prisons may place in a shock incarceration program any person who is sentenced to a term of imprisonment of more than 12, but not more than 30, months, if such person consents to that placement." 18 U.S.C. § 4046(a). While in the ICC program, which may not exceed six months, the inmate is required to "adhere to a highly regimented schedule that provides the strict discipline, physical training, hard labor, drill, and ceremony characteristic of military basic training" and "participate in appropriate job training and educational programs (including literacy programs) and drug, alcohol, and other counseling programs." 18 U.S.C. § 4046(b). Upon the Director of the Bureau of Prisons' determination that the inmate has successfully completed the required period of shock incarceration, such inmate shall remain in the custody of the BOP for such period, not to exceed the remainder of the prison term required by law to be served by that inmate, and under such conditions as the Bureau deems appropriate. 18 U.S.C. § 4046(c). Pursuant to the BOP regulations, successful completion of the ICC program could entitle an inmate to early release considerations. 28 C.F.R. §§ 524.30-524.33. However, placement in the ICC program is within the "sound correctional judgment" of the BOP and depends upon the "availability of Bureau resources." 28 C.F.R. § 524.31(b).

On January 14, 2005, Harley G. Lappin, Director of the BOP, issued a memorandum to all Federal Judges, Chief United States Probation Officers, Federal Public Defenders, and United States Attorneys, advising them that, effective immediately, the BOP was no longer offering the ICC program. (Gov. Resp. Exh. 2, Attach. 7). Director Lappin stated that although inmates currently enrolled in the program were permitted to complete it, "no new classes, or associated extended community confinement and early release benefits will be offered." (*Id.*). According to Director Lappin, the ICC program was cancelled because: (1) there was no significant difference

3

in recidivism rates between inmates who completed the ICC program and those who serve their sentences in traditional institutions; and (2) costs associated with maintaining the federal boot camp programs far exceeded the costs of operating ordinary minimum security camps. (*Id.*). In sum, "[t]he lack of significant beneficial results, coupled with recent budgetary constrains, has led us to the conclusion that we can no longer justify the expenditure of public funds to operate the ICC program." (*Id.*).

**B.     Carla Hopkins' Standing to Invoke the Court's Jurisdiction**

In order to invoke the jurisdiction of the federal court, a petitioner must satisfy the threshold requirements imposed by Article III of the Constitution by alleging a live case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). To meet this requirement, a petitioner must establish that: (1) she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action by the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S.Ct. 693, 704, 145 L. Ed. 2d 610 (2000). Moreover, to establish the "injury in fact" element of the standing test, the petitioner must show "more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563, 112 S.Ct. 2130, 2137, 119 L. Ed. 2d 351 (1992). The petitioner must be "directly affected" apart from her "special interest in the subject" and the "injury must affect the plaintiff in a personal and individual way." *Lujan*, 540 U.S. at 561-63, 112 S.Ct. at 2136-38. If the petitioner is merely a "concerned bystander," then an injury in fact has not occurred. *Valley Forge Christian College*

4

*v. Americans United for Separation of Church & State*, 454 U.S. 464, 473, 102 S. Ct. 752, 759, 70 L. Ed. 2d 700 (1982).

In the instant case, Ms. Hopkins lacks standing to litigate this matter because she is merely a concerned bystander and has not personally been injured by the BOP's withdrawal of the ICC program. Rather, the injury alleged by Ms. Hopkins, if suffered at all, was suffered by Defendant due to the BOP's denial of his admission into the ICC program. Despite this possible injury, however, Defendant has not indicated a personal interest in litigating this matter. Specifically, although Defendant has been incarcerated since February 2, 2005, he has not filed any BOP administrative remedy requests with regard to the issues presented in Ms. Hopkins' Motion. *See McClung v. Sherin*, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004) (stating that prior to seeking habeas relief, prisoners must exhaust their administrative remedies).

However, even if the Court were to conclude that the BOP's withdrawal of the ICC program personally injured Ms. Hopkins, the Court finds that this injury is not "concrete and particularized" nor "actual or imminent." Notably, no defendant is entitled to admission into the ICC program. Rather, the BOP "*may* place in a shock incarceration program any person who is sentenced to a term of imprisonment of more than 12, but not more than 30, months. . . ." 18 U.S.C. § 4046(a) (emphasis added). Therefore, although the BOP initially designated Defendant to the Lewisburg ICC program, Defendant was not guaranteed admission into the program. Moreover, even if Defendant had been placed into the ICC program, he was not guaranteed early release. Only upon Defendant's "successful completion" of the ICC program, as determined by the BOP Director's judgment, would Defendant have been entitled to a sentenced reduction. 18 U.S.C. § 4046(c). Had Defendant successfully completed the program and not received such a

reduction, then Defendant may have successfully alleged an injury. However, Defendant was not even admitted into the program, thus no actual, imminent, concrete and particularized injury occurred. *See Alpert v. Lappin*, 2005 WL 1610718, at *2 (M.D. Fla. July 5, 2005) (concluding that inmate did not have standing to challenge the BOP's termination of the ICC program because inmate's admission into the program was within the BOP's discretion and, thus, injury was speculative).

In sum, Ms. Hopkins lacks standing to assert the claims made in the instant Motion, and, even if the Court found such injury with regard to Ms. Hopkins, the injury was not concrete, particularized, actual or imminent. Therefore, the Court does not have jurisdiction to address the merits of Ms. Hopkins' Motion.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Carla Hopkins' Motion to Modify Defendant's Sentence is hereby **DENIED**.

Signed: August 3, 2006

Richard L. Voorhees
United States District Judge